Next case for argument is 2012-7077 SHREVE v. SHINSEKI Mr. Bender, I don't know if you feel happy or sad that you've lost your audience. I guess this is not as important to as many people. It's important to us. It's important to a lot of people who are not here. And they're all important to us, so why don't you proceed. May it please the Court, my name is Thomas Bender and I'm here on behalf of the appellant Garrett Price Shreve. And this, as you know, is an appeal from a denial of a petition for writ of mandamus by the Veterans Court. The central issue regards the interpretation of the new substitution statute. As they knew, it was enacted in 2008, a substitution statute that permits certain beneficiaries, survivor beneficiaries of a deceased veteran to be substituted into the veteran's actual claim. Instead of it being an approved benefits claim, they come into the veteran's claim and they can prosecute that claim to completion. Now, I'm a little confused about what you're arguing in this case. There seem to be two things, and I guess you want either or both. You think you have the right to be substituted. Your client has the right to be substituted. But it's also, I mean, I guess, aren't you really arguing that the Board, you have the right to have the Board rule on your motion without sending it back to the Secretary? That's precisely it. So it's just the second and not the first? You're not asking us to decide your right to be substituted. You're just complaining. I am not today. I will acknowledge that in the brief, we argued that he was eligible for substitution, and therefore the remand should include an order that the Board decided within the context of the deceased veteran's appeal. And when I say within the context of the deceased veteran's appeal, I mean the appeal number that the deceased veteran had at the Board. Because the way that it works right now, under the FAFSA letter, which has been in existence since 2010, provides dispositive guidance to the VA. They must dismiss the deceased veteran's appeal and refer the substitution motion to the agency of original jurisdiction for decision in the first instance. But then they get the number back? If they are substituted, yes. If they are substituted, then they are referred back into that veteran's, deceased veteran's claim is revived, and they are into that claim. But our assertion... But if you're not substituted, then you get review of that decision? We get review of that decision. It becomes a two-track... But you get review, and you're not put back in line where you were before? No. In other words, in this case, the RO denied substitution. We have an appeal to the Board. If it's still denied, we have an appeal to the Veterans Court. If it's still denied, we have an appeal to this Court. And if this Court decides that we were entitled to substitution, then we go back to the Board to prosecute the merits of the veteran's appeal. And at that point, you would get your old number back? That's right. And our position is that completely eviscerates the entire purpose for the substitution statute, which was to eliminate or at least address the delay that occurs. Because under the pre-2008 procedure, when a veteran died, his claim died with him, but his or her claim died with him. But an accrued benefits claimant could bring a separate accrued benefits claim. But it had to start with a different petition or claim at the regional office, and they basically had to re-adjudicate the entire claim all along. Counsel, I can tell you that I probably agree with the merits of your argument. Here's a problem I'm having. You're before us on a writ of mandamus or an appeal of one. And in order for a writ to issue, one of the things you must show is that the petitioner must lack an adequate alternative means to obtain relief. You just got through describing this alternative means to obtain relief. An alternative means is in no way an adequate means. The determination and... Well, but the Supreme Court case law is very clear that even if there's some hardship that is caused by delay, that doesn't mean that the alternative means don't exist. Right. But I think that the alternative means has to be determined by what is the requested relief that they have a clear and uncontroverted right to. And in the Secretary's brief, their focus on the relief that we seek is mere substitution. And of course, the procedure that I described is an adequate alternative means to substitution. But the relief that we seek is not just substitution. The relief that we seek here is a remand order that tells the board that, number one, reinstates the Veterans' Appeal. And you decide, the board decides, the substitution question in the first instance, in the context of that appeal. Because the purpose of the statute was to avoid the delay of having to go back to the beginning. I think it's very instructive. But here's the problem with that argument. You have to prove a clear and indisputable right to that relief. But the statute itself allows the establishment of regulations to implement the statute. So it obviously didn't think that the methodologies were so clearly spelled out in the statute that we could say it's a clear and indisputable right based on the space of the statute alone. Well, let's look at, and we're talking about the timing here, and there is something that I want to say before we get too far. I mentioned before that in the briefing, we had argued that we had a clear right to substitution. In preparing for this oral argument, I realized that there is a jurisdictional issue that makes the substitution question premature. And that's because, briefly, the way this case played out was that Mr. Shreve's father, after his initial claim was denied 27 years earlier, his claim was reopened, he was granted service connection for PTSD, and he was assigned an effective date that it was based on new material evidence. So he was assigned an effective date that was the date that he filed his request to reopen his claim. His appeal to the board was, I should be entitled to consideration for an earlier effective date because under the provisions of 3.156C. That was pending when he died. When he died, Mr. Shreve, the son, filed a motion directly with the board, asking the board to grant his motion to substitution so that he could enter into his father's appeal and complete it from that point forward. The board did not deny or grant his motion to substitute. The board, instead of ruling on the merits on that, dismissed the appeal and then referred the matter to the agency of original jurisdiction for decision in the first instance. So the board never made a decision as to whether or not he was entitled to substitution. Well, the jurisdiction of the Veterans Court is only over decisions that are made by the board. And the Veterans Court denied the petition for writ of mandamus because they said there was no clear and indisputable right to substitution, a decision that had not yet been made, had not been made by the board. So it was not an issue that was before them. And so what we're asking, the real issue here, is a procedural right, whether or not he has a clear and unmistakable right when he files, when there's an appeal pending before the board. Well, it seems to me, I mean, I've listened to everything you've said, and doesn't that create the problem for you? What we've got for review is the Veterans Court denial of your writ. And I think the scenario you've just laid out for us is telling us that you made a different argument, that you're going to raise a different argument to us than you raised to the Veterans Court. The Veterans Court, you were seeking, or at least they understood you to be seeking, just the right of substitution. Whereas you're telling us, no, that's not what I'm seeking. I'm seeking the right to have the board hear it in the first instance without setting it back. I don't think that's entirely accurate, because the petition for writ of mandamus that was filed with the board was to essentially have the board reinstate the appeal and decide the motion there. The error that we alleged was the procedural error of them dismissing the appeal and referring it to the agency of original jurisdiction. I acknowledge that the petition for writ did include and be substituted, but the primary motivating factor and the primary reason for the writ was is that the statute allows us to enter the appeal right at that point. But in your brief to this court, you argued that the clear and indisputable right that you had was to substitution. It was to. It was to. It was that we had a clear and indisputable right to have the Veterans Court decide the motion to substitute. The board, not the veterans. I'm sorry. Yes, the board decide the motion in the context of the deceased veteran's appeal without referring it out and without dismissing it. And we also argued that we were entitled to substitution. But, as I said, going over this, because it's a jurisdictional issue. So, if we adopt your argument, then we have no alternative but to dismiss your case here today. No. We have no jurisdiction. No, because there were. I guess what I'm trying to get at is I'm afraid that the case is going to be determined based on the fact that we don't have the right of substitution. And then the procedural issue that arises under 5121 Big A will not get decided. And that's an important consideration because the statute was enacted in 2008. The VA still has not enacted regulations that implement it. But they're in the process of that. And there will be the potential for us to review that, correct? That's correct. But at this particular point, for at least two years, they've been applying this mechanism where they dismiss the appeal and they send it back to the agency of original jurisdiction. And I think it's very important to look at the legislative history behind why Congress enacted this particular statute. The legislative history, which this Court went over in Reeves, indicates that they intended to authorize substitution, quote, at the point the claim had proceeded rather than being forced to refile, quote, to continue the deceased veteran's claim from the point it had progressed to move forward from its current state of development. In other words, this statute was enacted in order to allow the deceased veteran's beneficiaries to step into the claim. Can I ask you, what's the status now? I mean, this was sent back to the regional office. They've decided it? Yes. Against your client? They have. And that was of record before the Veterans Court when it rendered its decision. The Secretary had provided that regional office decision. The regional office denied the motion to substitute. And currently, this is not of record, but currently, that decision is on appeal to the board. Why isn't this kind of moot? Because having the board decide the case under what I'll call a separate number is not the relief that we have requested. We still are, Mr. Shreve is still harmed because the relief that he is entitled to is to have  But in the context of the deceased veteran's appeal, because the whole thing, the whole reason for this statute and the whole goal of it was to reduce the prejudice of the delay that was involved in the procedure. But it was prejudice because they didn't want you to have to reopen the whole factual record and redevelop the factual record. In this case, he's got a separate appeal, but it only relates to his motion to substitute. If, in fact, he's granted the right to substitute, he'll get that record back, right? That's true. There's still going to be a delay as opposed to whether or not he was put, whether the motion was decided in the context of the appeal. But that's kind of moot. There's nothing we can do about that now. Yes, there is something that you can do about that now. The remand order can direct the board to reinstate the deceased veteran's appeal and to decide the motion to substitute within that appeal, within that number. Right now, it's got a separate number and it's got a separate statute. What practical difference does it make now to him whether it's decided under the same number or a separate number? Time. Time. Delay. And that is an injury. That is the injury that this statute was intended to ameliorate. Delay that he's already suffered or delay that he will suffer from this day forward?  There is delay that he has already suffered. There will be continued delay because, for example, if the board determines that he is not entitled to substitution, we're going to have to go through a whole appellate process to the veterans court, to this court, to determine whether their interpretation of 5121a was correct or not. And then, if we are correct, then it goes back here. What I'm suggesting is that it goes to the... Because the board, if they have the substitution motion... But then they deny it. Right. Yeah. So, if the batch letter procedure had put him back in the queue in his original number, even with a denial, then Judge Post would be right. There would be a complete mootness at this point, right? Well, I guess it would be moot. And that brings me... I see my time is up. Let's give you an example that I think cries out for why the timing issue should be decided by this court. Let's take the example of a veteran who has an appeal pending before the board. His wife of 40 years moves to substitute. Under the batch letter procedure, the board will dismiss the appeal, send her motion to substitution back to the agency of original jurisdiction. They'll grant the motion, and then it will go back to the board, and it will be in the original appeal of the deceased veteran. But she still has suffered that injury. If she had, for instance, as we did in this case, as soon as they referred it back to the agency of original jurisdiction, we filed another petition for writ of mandatement saying, wait, we don't need to do that extra step. The statute gives us the right to have the board decide this now in the context of this so that I don't have to wait that additional time. Then the question is moot. And she won't be entitled to an exception to the mootness doctrine because the capable of repetition but abating review will only apply if she were going to suffer the same injury again. Well, she's not going to be in another position to move the substitute for a deceased veteran's claim, so the mootness issue is out. Her injury is also not regressible. Her injury is still the additional time that it has taken for the appeal to be processed, which we say is in violation of 5121A. But it's not regressible because a decision by this court saying that, oh, they were wrong. 5121A did give her the right to have it there. They did not have the right to send it back to the original jurisdiction. But there's nothing that we can do about that now. I think we have your argument. We'll restore a couple minutes for rebuttal, and we'll have one here from the government. Good morning, Your Honors. May it please the Court. The Veterans Court correctly declined to grant the drastic remedy of mandamus in this case because Mr. Shreve can obtain substitution if his arguments are correct through a direct appeal. The Court should affirm because Mr. Shreve does have that alternative remedy. And even if the Court disagrees and finds that the remedy is in any way inadequate, the Court should still affirm because Mr. Shreve did not show a clear and indisputable right to mandamus relief. Now, turning to the first issue, the direct appeal. Let me ask you about that. Why did this FAST procedure only allow those people who were successful in their substitution motion to get back in the queue and say, but if we conclude in the first instance that you're not entitled to substitution, then we're going to make you sit there for whatever time it takes before we get to you. Why not let them back in the queue where the appeal was so they can just say, yes, this appeal goes forward if it doesn't? Well, for the Board's jurisdictional statute at 38 U.S.C. Section 7104A provides that every decision by the Secretary shall be subject to one review on appeal to the Secretary. And the substitution statute makes clear that substitution itself is something that's subject to a decision by the Secretary. It provides that claimants shall have the right to file a request to substitute, which shall be determined in accordance with the accrued benefits statute. So the reason that a claimant gets a right to then appeal an adverse substitution decision to the Board is to be faithful to that statutory requirement that the claimant have appeal rights. So that's the purpose. Right. I don't have a problem with that. Why couldn't they have an appeal right that puts them back in a queue so that it gets decided more quickly, so that they don't face the very delay that Congress was concerned about? Well, because Congress, in passing the substitution statute, although Congress was certainly concerned about inefficiency and sort of redundant procedures, Congress was concerned about a different inefficiency, not an inefficiency associated with a substitution determination. In fact, the substitution statute provides that the claimant shall present evidence of the right to substitute. So Congress clearly contemplated some procedure for determining substitution, and that's the procedure. You know, the whole point here was we've got too many layers, too many delays, too much procedure, and that we've got spouses and dependents that are out there who should be entitled to get this decision and get it quickly. I mean, that's really what they were talking about. So if the fact of substitution relates to that ability, why don't they just say that these substitution motions will get fast-tracked? As a practical matter, Your Honor, it may be the case that the regional office or the agency of original jurisdiction can determine eligibility to substitute before a claim at the board or a board appeal is even up in the queue. So the board, the RO could make this determination and restore the docket number to that claimant before the board is even ready to hear that case. So in many cases, this may be entirely new. But only if they are successful in their substitution request. That's correct. Although if they are not successful in their substitution request before the RO, the fact that there is that procedure in place and that the claimant has appeal rights to the board and then to the veterans court and even to this court, if anything, is faithful to that claimant's appellate rights and favors them rather than detriments them. Although it's true that delay does result from that type of appellate process to play out. Here, the case from Mr. Shree's perspective comes down to this issue of delay. There are several problems with that line of argument, the first of which is that the Supreme Court has recognized, as Your Honor noted, that Ritzman-Davis cannot be substituted, the appellate process, even if hardship may result from that type of delay. Now, Mr. Shree asserts that the delay here is different. His case is different because the substitution statute itself was meant to eliminate inefficiency. So his case should be different from that general rule. There are two problems with that type of argument. The first of which is this court in Lamb rejected a very similar argument. There, in Lamb, the petitioner argued that Congress had passed a statute meant to eliminate delaying inefficiency at the VA. It was actually titled the Veterans Benefits Improvement Act of 1994 instead of, in this case, the Veterans Benefits Improvement Act of 2008, which is a substitution statute. The petitioner in Lamb, like Mr. Shree here, argued that the board should decide a claim in the first instance on demand in order to eliminate delay. But the court held it affirmed the denial of Ritzman-Davis because the petitioner there could still obtain review through the direct appellate process. That reasoning in Lamb is controlling here and forecloses Mr. Shree's argument. But the second issue that I alluded to earlier is that... No matter how many times Congress tries to do away with delay, we keep letting the Veterans Administration create delay. Is that what you're saying? No. The delay that Congress was concerned about is addressed through the substitution statute. And the VA's procedure, the fast letter procedure, is faithful to that. In fact, Congress provided in the substitution statute limited substitution to those who were eligible in accordance with the VA benefits statute. So Congress did contemplate some evidence, some consideration of evidence of eligibility to substitute. It appears in Part 2 of the statute. So it's clear that Congress recognized that a determination had to be made about eligibility. But Congress didn't want eligible substitutes to have to restart the entire claims process after substituting from the beginning. That's how the landscape changed from before and after. There are other... Mr. Shree's direct appeal in this case is not the only reason why he lacked another remedy. Although he doesn't mention... Mr. Shree doesn't mention this in his brief, he also could have sought to appeal the Board's dismissal order. The Board dismissed his appeal and referred the substitution request to the RO. Mr. Shree characterizes that in his brief as kind of like a remand order. It's true that the final order doctrine generally precludes appellate review of non-final orders. But there are exceptions, as this Court recognized in Donnellan v. Shinseki and Joyce v. Nicholson and Stevens v. Pontevi. There are many cases that hold that when the remand itself is what allegedly violates the law, that that falls within the... But I'm guessing that if he had done that, you would have come here and argued we had no jurisdiction. If the veteran, depending on how he proceeded up through the chain, within the confines of 38 B.C. section 1792, because of the unique veterans court structure where there's an intermediate court of appeals, it's possible if the issue on appeal were strictly application of a lot of fact, it could fall outside of this court's jurisdiction on a direct appeal. The fact that Mr. Shree didn't pursue that type of appeal merely underscores his failure to demonstrate the lack of an adequate alternative remedy. In any event, the Court doesn't need to reach the issue about the adequacy of a direct appeal because Mr. Shree, in any event, didn't show a clear and indisputable right to substitute. He argues that the board, rather than the R.O., should be the one to make the determination about eligibility and should decide whether he is able to substitute. The fact that the R.O., in this case, the regional office, has decided on page 71 of the Joint Appendix that Mr. Shree is not eligible to substitute because he's not a child demonstrates Mr. Shree's failure to show the clear and indisputable right. Regardless of whether it's the regional office or the board who makes that determination, the fact is that some entity at the VA has already decided that Mr. Shree is not eligible to substitute because he's not a child. That shows that the right here is not clear and indisputable, at the very least. And even if there were doubt on that score and the Court were looking at that issue anew, the Court's precedence in Morris, as well as the Veterans' Court's decision in Burris, shows that someone like Mr. Shree is not a child eligible to substitute. The substitution statute itself contemplates, it doesn't provide some kind of automatic right. There's an automatic right to substitute or immediate substitution. It contemplates evidence submissions. It provides that eligibility shall be determined in accordance with the regime for accrued benefits. That procedure also undermines any argument about a clear and indisputable right to substitute. There is one last issue mentioned in Mr. Shree's reply brief and alluded to as well in his opening brief concerning this Court's standard of review. Mr. Shree asserts that the Court should approach this issue de novo. We relied on Hargrove and Lamb to show that the Court applies an abusive discretion standard when reviewing a denial of petition for written mandamus. He does, in his reply brief, pages 6 and 7, cite some cases from the D.C. Circuit that, on the face of the brief, appear to suggest some type of circuit split concerning the standard of review in mandamus appeals. There is not a circuit split. Those cases... Our law is very clear that we do this under an abusive discretion standard and whatever the D.C. Circuit does, we couldn't change that. This panel couldn't change it without an en banc consideration. That's absolutely right. This would not be a candidate for any type of en banc consideration on that issue because the cases that recognize the jurisdiction merges with the merits in those cases arose under the Mandamus Act rather than the Alderts Act. That is an entirely different type of case because in the Mandamus Act cases, there can be jurisdictional implications that aren't present here in an Alderts Act case. Because Mr. Shreve has the remedy through the direct appeal and because he failed to show a clear and indisputable right, we respectfully ask the Court to affirm the Veterans Court's judgment. Thank you. Mr. Vendor, two minutes. I'll have to go very quickly. First, with respect to standard of review, even if you assume, in the reply brief we addressed that issue, there are three conditions that must be satisfied to warrant mandamus. The first two, clear and indisputable right and alternative remedy, are prerequisites. So we submit that those are questions of law. And in any event, an abusive discretion, a discretion that is exercised based upon an error of law is, per se, an abusive discretion. If a court has the right to review de novo whether an error of law occurred in the exercise of discretion, the entire argument here is based upon the interpretation of 5121A and whether our interpretation is correct or their interpretation is correct. That is a question of law. So even if it is an abusive discretion standard, you still have the right to review de novo the correct interpretation of that statute. With respect to, I believe, Judge O'Malley, you asked why did they choose this procedure. In the briefing before this Court, the Veterans Court said that, while the Board can't decide this appeal, they can't decide the motion in the first instance because they're not allowed to accept evidence that was not submitted to the regional office and make a decision on that. That is not true. That particular regulation, 20.1103, permits the Board to consider evidence if the Veteran waives or the applicant waives the right to have it submitted to the regional office in the first instance in writing. A motion to substitute to the Board, asking them to be substituted, is a sufficient writing for that particular purpose. And I would also say that 5121A contemplates that the Board will actually make the decision. The only caveat to that particular regulation is that the issue has to be related to the issues before the Board. Who the correct party is, is related to the issues before the Board. And with respect... Final point, final point. Excuse me? Final point. Final point. My brother says that the procedure is faithful to the statute. It's not remotely faithful to the statute. It adds delay upon delay. And I would also point to the letter that the first, that the fast letter procedure is not entitled to deference because it hasn't gone through the notice and comment procedure. And also, the action that the Board took was to refer the motion. When they refer the motion, that means it doesn't get expedited treatment. That only adds to the delay. We have the argument to thank both counsel, the case is submitted. That concludes the proceedings. All rise.